IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMION D. WHITAKER, | ) | |
| | ) | Civil Action No. 2:22-cv-38 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| ERIC ARMEL, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Pending before the Court is what the Clerk has filed as a Motion to Amend the Caption of Complaint that was docketed on March 10, 2022. (ECF No. 33.)  In this motion, Plaintiff requests that the Court add to the docket the following individuals as defendants:  Deputy Superintendent Lois Allan, Deputy Superintendent Joseph Trempus, Capt. Carl E. Walker, Counselor Jason Cook, Unit Manager Scott Riddle, Lt. J. Aston, Lt. Cole DiSalvo, Sgt. Dobish, and COI Mr. Pritchett.[1]  He also requests that the Court remove Defendant Ms. Schaup and replace her with Ms. Kristin Jeffries, and he asks that the Court also remove Defendants J. Bigam and CO Mr. Harris.[2]  Plaintiff's request will be denied for two reasons.  First, Plaintiff may not amend his complaint to add defendants in such a manner.  A complaint must contain allegations of each named defendants' personal involvement.  In other words, it must specifically identify each defendant's behavior and explain how their actions, or inactions, resulted in the

---

[1] Plaintiff is hereby informed that all of these individuals are already listed as defendants in this case.
[2] Plaintiff is hereby informed that CO Mr. Harris was not listed as a defendant in his complaint.

alleged violations. Not only does Plaintiff's motion not include such allegations, but his Complaint also does not include such allegations – not even against those individuals already named as defendants. Because Plaintiff's Complaint does not do that, and because it was deficient in other ways as well, the Court entered an order on April 7, 2022, that required Plaintiff to file an amended complaint. The second reason that Plaintiff's Motion to Amend Caption will be denied at this time is because Plaintiff has been given the opportunity to amend his complaint so that he can include those individuals that he wants to name as defendants in this case. As explained in the Court's order dated April 7, 2022, Plaintiff should include in his amended complaint a complete list of the defendants that were personally involved in the alleged wrongdoing and specifically state what their involvement was. Plaintiff can rest assured that after his amended complaint is filed, the caption will be updated to reflect the defendants Plaintiff has named. Therefore, in filing his amended complaint, Plaintiff should take care to list as defendants only those individuals that he wants to name.

Plaintiff has also filed what appears to be the first page of a complaint and a list of four plaintiffs that he wishes to add in this case: Patrick Taylor, Robert McCracken, Rafael Jones, and Xavier Pagan. (ECF No. 34.) Much for the same reasons that Plaintiff cannot add defendants in the manner described above, Plaintiff also cannot add plaintiffs by listing their names on the first page of a complaint. Each plaintiff has to demonstrate that the defendants were personally involved in violating *their own rights*, and there are no allegations in the complaint as to how defendants violated the rights of Inmates Taylor, McCracken, Jones and Pagan.

Additionally, while prisoners are not categorically barred from joining as plaintiffs under Federal Rule of Civil Procedure 20, where the entire filing fee has not been prepaid, as in this case, each plaintiff must be granted leave to proceed *in forma pauperis* and the full filing fee

2

must be assessed against each *in forma pauperis* co-plaintiff as though each were proceeding individually.  See <u>Hagan v. Rogers</u>, 570 F.3d 146 (3d Cir. 2009).  Because the entire filing fee has not been prepaid in this case, Inmates Taylor, McCracken, Jones and Pagan would also be responsible for paying the full amount of the filing fee.  Therefore, if they wanted to join as co-plaintiffs, they would have to submit their own individual motions for leave to proceed *in forma pauperis*.

Furthermore, as a non-lawyer, Plaintiff Whitaker is only authorized to represent his own interests in this case and is not empowered to "represent" the interests of other unrepresented parties.  See <u>Osei-Afriyi by Osei-Afriyie v. Med. Coll. of Pennsylvania</u>, 937 F.2d 876, 882 (3d Cir. 1991) (Stating that "a nonlawyer appearing pro se [is] not entitled to play the role of attorney for [other pro se parties] in federal court.").  And, Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – *or by a party personally if the party is unrepresented . . . .*"  Fed. R. Civ. P. 11(a) (emphasis added).  Therefore, if Inmates Taylor, McCracken, Jones and Pagan wanted to join as co-plaintiffs, then each of them would have to sign the complaint, as well as every other pleading filed by Plaintiff Whitaker in this case, and by signing it they "certify[y] that to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). A party may be subject to sanctions for violating Rule 11(b). Fed. R. Civ. P. 11(c). If Inmates Taylor, McCracken, Jones and Pagan still wish to join as plaintiffs in this action, then they should submit their own individual motions for leave to proceed *in forma pauperis*.[3] Additionally, Inmates Taylor, McCracken, Jones and Pagan would need to sign the amended complaint that, as stated in the Court's order dated April 7, 2022, must be filed by May 9, 2022.

                            **AND NOW**, this 11th day of April, 2022;

    **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Caption of Complaint (ECF No. 33) is **DENIED** without prejudice to Plaintiff filing an amended complaint by May 9, 2022, as ordered by the Court on April 7, 2022, and said amended complaint including a complete list of defendants and allegations as to the wrongdoing(s) of each defendant.

    **IT IS FURTHER ORDERED** that, to the extent Plaintiff wishes to add Inmates Taylor, McCracken, Jones and Pagan as plaintiffs to this case, his request is also **DENIED** without prejudice to these inmates submitting their own motions for leave to proceed *in forma pauperis*

---

[3] When submitting a motion to proceed *in forma pauperis*, the plaintiff is required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition to the aforementioned affidavit, the plaintiff is further required to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

4

and signing the amended complaint that is due on May 9, 2022.  Said amended complaint must also include allegations as to how each named defendant violated the rights of these plaintiffs.

**AND IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this order to Inmates Taylor, McCracken, Jones and Pagan at the addresses listed below.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:	Damion D. Whitaker
	QA-4318
	SCI Fayette
	50 Overlook Drive
	LaBelle, PA  15450

	Patrick Taylor
	MV-1527
	SCI Fayette
	50 Overlook Drive
	LaBelle, PA  15450

	Robert McCracken
	LG-8344
	SCI Fayette
	50 Overlook Drive
	LaBelle, PA  15450

	Rafael Jones
	LA-8959
	SCI Fayette
	50 Overlook Drive
	LaBelle, PA  15450

	Xavier Pagan
	KW-8620
	SCI Fayette
	50 Overlook Drive
	LaBelle, PA  15450