IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMION D. WHITAKER, | ) | |
| | ) | Civil Action No. 2:22-cv-38 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| SCI-FAYETTE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

Plaintiff has filed a Second Amended Complaint. (ECF No. 67.) Upon review, however, it does not appear that Plaintiff complied with this Court's Order dated June 27, 2022. (ECF No. 65.) In that Order, Plaintiff was instructed that he was to set forth "ALL of his claims" in the second amended complaint because once filed it would "become the operative complaint in this case and supersede all prior complaints." Id. It appears that instead of setting forth all of his claims in the Second Amended Complaint, Plaintiff has once again filed a supplement, which sets forth additional claims[1] that were not the subject of his original Complaint (ECF No. 19) or his Amended Complaint (ECF No. 41), both of which involved claims that appear to stem from events that occurred on and following November 4, 2021 when Plaintiff was allegedly subjected to excessive force and unconstitutional conditions of confinement. The Court has already explained to Plaintiff that he is not permitted to supplement to add claims and parties. *See* ECF Nos. 35, 65. Instead, all of his claims must be set forth in a single document that must be

---

[1] The Second Amended Complaint appears to set forth claims for violations of the Americans with Disabilities Act and Rehabilitation Act.

1

complete in all respects. This means that it must include every cause of action that he is bringing and name every defendant that he is suing, and, most importantly, it must NOT refer back to, or incorporate, any previously filed complaint. As previously explained, once an amended complaint is filed, it supersedes and renders the previously filed operative complaint a nullity. *See* Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019). Plaintiff will be given one last opportunity to comply with the Court's instructions to file an amended complaint that is complete. If Plaintiff again fails to comply with the Court's instructions then the Court will proceed with the Second Amended Complaint, which does NOT include any claims related to the incidents that occurred on and after November 4, 2021, which were the subject of Plaintiff's original and amended complaints. Plaintiff should pay careful attention to the below instructions when drafting his amended complaint, which should be titled "Third Amended Complaint."

## Instructions for Filing an Amended Complaint

**A.    Caption and Heading**

The caption should include the name of the court, the parties, their capacities (i.e., whether they are being sued in their individual or representative (official) capacity), and the title of the pleading (i.e., Amended Complaint). To do this, Plaintiff must place his full name at the top left of the amended complaint and also add the names of each defendant. Plaintiff must name as defendants **only** those persons who are responsible for the alleged constitutional violation(s).[2]

---

[2] Plaintiff should only name defendants who had personal involvement in the alleged wrongdoing. *See* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). If Plaintiff is unaware of a defendant's name, then he may list them as a John or Jane Doe.

B. **Parties**

As the person initiating the lawsuit, Plaintiff must identify himself as such. Also, for **each** defendant named in the amended complaint, Plaintiff should list their current address and description of their employment. In addition, Plaintiff should explain briefly how or in what capacity each defendant acted under authority given to them by state or local government.

C. **Jurisdiction**

Because federal court is a court of limited jurisdiction, Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum. If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim. In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color of state law.

D. **Statement of Claim**

This is the time to present the facts of the case: what happened, where it happened, when it happened, how it happened and who was involved. In this section, Plaintiff should write a summary of the facts relevant to this lawsuit. Additionally, any document referred to in this section must be cited as an exhibit and attached at the end of the amended complaint.

In this section, Plaintiff must provide specific details of precisely how his civil rights were allegedly violated. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Plaintiff should clearly describe how **each named defendant** is involved in the alleged constitutional violation(s). This description should include references to relevant **dates, times, and locations**. It should explain to the Court what happened by specifically describing **each** defendant's

3

behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations.  Plaintiff should not include legal argument in his amended complaint.  Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial.  However, Plaintiff should be specific about the particulars of the event, **each** defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident.  Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count.  Each incident must be clearly and specifically described; it should include the relevant time, date, and location.  Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident.  Additionally, the amended complaint should set forth factual allegations that, taken together, satisfy the elements of the cause of action.

**E.** **Injury**

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation.  Simply stating that his civil rights have been violated is insufficient.

**F.** **Request for Relief**

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit.  The relief requested must be related specifically to the injury suffered.  However, Plaintiff should be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody.

G.    **Exhaustion of Administrative Remedies**

Plaintiff should be aware that under 42 U.S.C. § 1997e(a), he must fully exhaust all available administrative remedies before pursuing a civil rights complaint concerning **prison conditions**.

H.    **Previous Lawsuits**

Plaintiff must alert the Court to any other case in which he was a party that may be connected with the case he is now filing. Plaintiff should inform the Court of any and all previously filed cases that include some of the same facts and events he relies on for this case.

I.    **Declaration Under Penalty of Perjury**

Federal Rule of Civil Procedure 11 provides that every pleading, written motion, and other paper must be signed by an individual attorney of record or by the pro se party. Therefore, Plaintiff must sign his amended complaint and when doing so he is making a declaration under law to the Court that everything in the amended complaint is true. Plaintiff should realize that the Court can order sanctions or penalties for the filing of complaints and pleadings that are frivolous, without merit, based on false or misleading information, etc. These sanctions or penalties can take many forms including, but not limited to, dismissing the case, assessing fines, and limiting Plaintiff's filing privileges in federal court.

**AND NOW**, this 13th day of July, 2022;

**IT IS HEREBY ORDERED** that Plaintiff shall amend his complaint as described herein and file it with the Court by **August 5, 2022**. Plaintiff shall clearly mark his complaint "**Third Amended Complaint**" and **include the case number 2:22-cv-38** in the top right corner. The third amended complaint must include all of Plaintiff's claims and it should NOT refer back to,

or incorporate, any previously filed complaint. **Any claim not included in the third amended complaint will be deemed waived.**

**AND IT IS FURTHER ORDERED** that Plaintiff shall provide service copies of the third amended complaint for each named defendant. This means that Plaintiff must complete accurate, identical copies of the third amended complaint for **<u>EACH</u>** defendant named in the third amended complaint.

<u>/s/ Lisa Pupo Lenihan</u>
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Damion D. Whitaker
QA-4318
SCI Fayette
50 Overlook Drive
LaBelle, PA  15450