#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMION D. WHITAKER, | ) |
| Plaintiff, | ) Civil Action No. 22-38 |
| v. | ) District Judge W. Scott Hardy |
| S.C.I. FAYETTE *et al.*, | ) Magistrate Judge Lisa Pupo Lenihan |
| Defendants. | ) |

### MEMORANDUM ORDER

This matter comes before the Court on *pro se* Plaintiff Damion D. Whitaker's "Motion For Objection For Order denying ECF 130, 131, and 133, 123" (Docket No. 145, hereinafter "Appeal"), which the Court construes as Plaintiff's appeal of two of the magistrate judge's orders denying a number of Plaintiff's recently filed motions. More specifically, on December 5, 2022, Plaintiff filed a motion entitled "Motion For Judgment on Pleadings" (Docket No. 123), and United States Magistrate Judge Lisa Pupo Lenihan issued an Order denying that motion on December 6, 2022 (Docket No. 124). On December 19, 2022, Plaintiff filed a "Motion For Payment of Service" (Docket No. 130, hereinafter "Motion for Payment") and a "Motion for Objection For Defendants Answer Filed" (Docket No. 131, hereinafter "Motion Objecting to Answer"). On December 21, 2022, Plaintiff also filed a "Motion For Sanctions For Not Signing Waiver of Service of Summons and Notice of A Lawsuit And Request to Waive Service of A Summons" (Docket No. 133, hereinafter "Motion for Sanctions"). Judge Lenihan issued another Order denying these three inter-related motions on December 22, 2022 (Docket No. 137).

1

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of the United States District Court for the Western District of Pennsylvania, the parties had 14 days in which to file an appeal of Judge Lenihan's decisions to the district court. Plaintiff filed his Appeal of the four motions described, *supra*, on January 9, 2023. (Docket No. 145). Although the Appeal of Judge Lenihan's Order of December 6, 2022 was filed after the 14-day appeal period, the Court, taking into consideration Plaintiff's *pro se* status, will review both of Judge Lenihan's Orders (Docket Nos. 124, 137) pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.C.2.

In his Appeal, Plaintiff appears to argue that the denial of the four motions at issue here contradicts Judge Lenihan's previously filed Order of May 27, 2022, which directed the United States Marshal to mail to Defendants copies of the Amended Complaint, supplement thereto, notice of lawsuit and request for waiver of service of summons, waiver, along with copies of such Order (Docket No. 55).[1]

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States magistrate judge may "hear and determine any [nondispositive] pretrial matter pending before the court," and a district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1120 (3d Cir.1986) (regarding nondispositive motions, "the district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law"). A ruling by a magistrate judge is considered to be

---

[1] Plaintiff also cites to Docket No. 80 as an order that is contradicted by the denial of the four motions at issue here. That filing, however, is actually the "Waiver of Service" executed on August 23, 2022 (which includes a copy of the Order at Docket No. 55), and notably, Defendants requested to waive service pursuant to Rule 4(d) and to file a timely response. (Docket Nos. 134, 135, 136).

"'clearly erroneous' when, although there is evidence to support it, the reviewing Court is left with a definite and firm conviction that a mistake has been committed." *South Seas Catamaran, Inc. v. The Motor Vessel "Leeway,"* 120 F.R.D. 17, 21 (D.N.J. 1988) (quoting *United States v. Gypsum Co.,* 333 U.S. 364, 395 (1948)), *aff'd,* 993 F.2d 878 (3d Cir. 1993). Moreover, it is the party filing the notice of appeal who bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. *See Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14cv1527, 2016 WL 6791240, at *1 (W.D. Pa. Apr. 20, 2016). In this case, as Plaintiff's Motion for Payment, Motion Objecting to Answer, and Motion for Sanctions (Docket Nos. 130, 131, 133) are nondispositive pretrial motions, the Court reviews Judge Lenihan's order denying such motions under this "clearly erroneous" standard. *See* LCvR 72.C.2.

Judge Lenihan's Order of December 22, 2022 (Docket No. 137), denying Plaintiff's Motion for Payment, Motion Objecting to Answer, and Motion for Sanctions, provides as follows:

> In these motions, Plaintiff is objecting to the Defendants Answer that was filed on November 21, 2022, and he is asking that the Court order the Defendants to pay the United States Marshals for the costs it incurred, and advanced by the United States, to mail out the packet containing his complaint, waiver of service of summons and summons forms to each defendant, which totaled $224. He states that the Defendants should pay for this fee because they did not sign and return their waiver of service of summons forms and he requests that the Court sanction the Defendants for failing to do so. Plaintiff appears to be relying on FRCP 4(d)(2), which states that the court must impose on the defendant the expenses later incurred in making service if the defendant fails, without good cause, to sign and return a waiver. However, Plaintiff misunderstands the application of that rule to his case. Plaintiff is hereby advised that the costs incurred by the United States Marshals were incurred in mailing out Plaintiff's complaint, summons and waiver of the service of summons forms to each defendant in this case, NOT in serving the summons. These mailing costs are incurred irrespective of whether the defendants waive service, and are not costs later incurred in making service of a summons on the defendants, as contemplated by Rule 4(d)(2). The defendants were under no legal obligation to sign and return the waivers, and in this case service of the summons in person was not ordered, and therefore costs for making service were not incurred, because the defendants filed a timely response to Plaintiff's complaint. See ECF Nos. 89 & 93. They also filed a timely answer to the Plaintiff's first amended

3

> complaint on November 21, 2022, see ECF No. 118, as directed by the Court on November 4, 2022. Plaintiff's claims regarding default have already been addressed by the Court and will not be further entertained. Because there is no basis to grant the requested relief, Plaintiff's motions are DENIED.

Accordingly, the Court notes that Judge Lenihan accurately summarized Plaintiff's three inter-related motions that, considered together, requested among other things that the United States Marshals be ordered to pay the fees incurred in mailing Plaintiff's Amended Complaint and related documents to each Defendant – fees that Plaintiff mistakenly thought were service fees.  Judge Lenihan also educated Plaintiff regarding the application of Rule 4(d)(2) of the Federal Rules of Civil Procedure, and she explained that Defendants had in fact filed a timely response to one of Plaintiff's complaints, as well as a timely Answer to Plaintiff's First Amended Complaint.  Having carefully reviewed Judge Lenihan's Order denying Plaintiff's Motion for Payment, Motion Objecting to Answer, and Motion for Sanctions, the Court concludes that that Order is thorough, well-reasoned, and supported by law.  Therefore, upon consideration of Plaintiff's Appeal of Judge Lenihan's Order (Docket No. 137) denying Plaintiff's Motion for Payment, Motion Objecting to Answer, and Motion for Sanctions (Docket Nos. 130, 131, 133), and having reviewed that Order in accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of Court, the Court finds that the Order is neither clearly erroneous nor contrary to law.  Thus, the Court declines to reconsider those motions and affirms Judge Lenihan's Order.

As to Plaintiff's motion entitled "Motion For Judgment on Pleadings," since Plaintiff requests therein a default judgment based on his contention that Defendants have not filed a responsive pleading to the Amended Complaint, the Court construes such motion as a motion for default judgment.  (Docket No. 123, hereinafter "Motion for Default Judgment").  In her Order (Docket No. 124) denying that motion, Judge Lenihan stated as follows:

> Within this motion, Plaintiff is asking for the Court to enter default judgment against the Defendants because they failed to timely file a responsive pleading to his amended complaint. Plaintiff is incorrect. The Defendants timely filed an Answer to Plaintiff's amended complaint on November 21, 2022. See ECF No. 118. A Case Management Order was entered the following day, setting forth deadlines for discovery and dispositive motions. See ECF No. 119. Accordingly, Plaintiff's motion is denied.

Upon *de novo* review of that Order,[2] as well as after careful review of the entire record, the Court notes that said Order indicates that Plaintiff's Motion for Default Judgment was denied because Defendants had, in fact, filed an Answer to Plaintiff's Amended Complaint, and thus Defendants did not fail to file a responsive pleading. The Court also notes that Judge Lenihan further explained that, the day after Defendants' Answer was filed, a Case Management Order had been entered, which established deadlines for discovery and dispositive motions. Therefore, as the Court finds, upon *de novo* review, that Judge Lenihan's Order (Docket No. 124), denying Plaintiff's Motion for Default Judgment (Docket No. 123), is well-reasoned and supported by the law, and as Plaintiff's Appeal does not undermine the rationale for such Order, the Court affirms said Order.

Accordingly, the Court enters the following Order:

AND NOW, this 19th day of January, 2023,

IT IS HEREBY ORDERED that, upon consideration of Plaintiff's "Motion For Objection For Order denying ECF 130, 131, and 133, 123" (Docket No. 145), to the extent that Motion

---

[2] While the Court of Appeals for the Third Circuit has not decided in a precedential opinion whether a motion for a default judgment is considered a case-dispositive matter, which would entail *de novo* review, *see Masciantonio v. United States*, No. 20-1603, 2022 WL 6702102, at *2 n.2 (3d Cir. Oct. 11, 2022), giving Plaintiff every benefit of the doubt here in considering his Appeal, the Court has conducted a *de novo* review of the Order at issue, including a thorough review of the record in this case.

constitutes an appeal of Judge Lenihan's Order of December 22, 2022, denying Plaintiff's Motions filed at Docket Numbers 130, 131, and 133, said Order (Docket No. 137) is AFFIRMED.

IT IS FURTHER ORDERED that, to the extent that Plaintiff's "Motion For Objection For Order denying ECF 130, 131, and 133, 123" (Docket No. 145) constitutes an appeal of Judge Lenihan's Order of December 6, 2022, denying Plaintiff's Motion filed at Docket Number 123, said Order (Docket No. 124) is also AFFIRMED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   All counsel of record
          Damion D. Whitaker (via U.S. Mail)