IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMION D. WHITAKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 22-38 |
| ) | |
| v. ) | District Judge W. Scott Hardy |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| S.C.I. FAYETTE *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

This matter comes before the Court on *pro se* Plaintiff Damion D. Whitaker's "Motion For Objection to Order Denying ECF No. 228, Motion for the Sale of Discovery Evidence Thereof D.V.D.'s" (Docket No. 241), which the Court construes as Plaintiff's appeal (hereinafter, "Appeal") of United States Magistrate Judge Lisa Pupo Lenihan's Order dated July 27, 2023 (the "July 27th Order") (Docket No. 234), denying Plaintiff's motion entitled "Motion For the Sale of Discovery Evidence" (Docket No. 228). Judge Lenihan's July 27th Order provides as follows:

> ORDER denying 228 Motion for the Sale of Discovery Evidence. Plaintiff is requesting that copies of DVDs relevant to this case be sent to two persons who allegedly hold a power of attorney for him. Defendants object to this, averring that the Department of Corrections typically does not provide copies of videos to the public or third parties due to issues of security and privacy as well as the potential of harassment of staff members. The Court finds this to be a valid concern. In addition, the Court does not know anything about these persons other than what Plaintiff has averred. As has been stated on numerous occasions, should this case proceed to trial, the Court will try to find counsel to represent Plaintiff on a pro bono basis. If that occurs, copies of the videos will be made available to counsel.

In the Appeal, Plaintiff expresses his disagreement with Judge Lenihan's July 27th Order and again requests that he be permitted to obtain copies of DVDs relevant to this case and that they be

provided to two individuals who allegedly hold a power of attorney for him.  (*See* Docket No. 241).

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States magistrate judge may "hear and determine any [nondispositive] pretrial matter pending before the court," and a district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  *See also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1120 (3d Cir. 1986) (regarding nondispositive motions, "the district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law").  A ruling by a magistrate judge is considered to be "'clearly erroneous' when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed."  *South Seas Catamaran, Inc. v. The Motor Vessel "Leeway,"* 120 F.R.D. 17, 21 (D.N.J. 1988) (quoting *United States v. Gypsum Co.,* 333 U.S. 364, 395 (1948)), *aff'd,* 993 F.2d 878 (3d Cir. 1993).  Moreover, it is the party filing the notice of appeal who bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law.  *See Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14cv1527, 2016 WL 6791240, at *1 (W.D. Pa. Apr. 20, 2016).  In this case, as Plaintiff's "Motion For the Sale of Discovery Evidence" is a nondispositive pretrial motion, the Court reviews Judge Lenihan's July 27th Order denying the Motion under this "clearly erroneous" standard.  *See* LCvR 72.C.2.

Having carefully reviewed Judge Lenihan's July 27th Order, the Court concludes that that Order is thorough, well-reasoned, and supported by law.  Therefore, upon consideration of Plaintiff's Appeal of Judge Lenihan's July 27th Order, and having reviewed that Order in accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of Court, the Court

finds that the July 27th Order is neither clearly erroneous nor contrary to law. Thus, the Court declines to reconsider Plaintiff's Motion and affirms Judge Lenihan's July 27th Order.

In view of the foregoing, the Court enters the following Order:

AND NOW, this 3rd day of October, 2023, IT IS HEREBY ORDERED that Plaintiff's "Motion For Objection to Order Denying ECF No. 228, Motion for the Sale of Discovery Evidence Thereof D.V.D.'s" (Docket No. 241), which the Court construes as an appeal of Judge Lenihan's July 27th Order denying Plaintiff's Motion filed at Docket No. 228, said Order (Docket No. 234) is AFFIRMED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:     All counsel of record

            Damion D. Whitaker (via U.S. mail)
            QA-4318
            SCI Dallas
            1000 Follies Road
            Dallas, PA  18612