**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAMION D. WHITAKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-38 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Kezia O. L. Taylor |
| SCI-FAYETTE; GEORGE M. LITTLE, | ) | |
| Secretary of Correction; ERIC ARMEL, | ) | |
| Superintendent; RHONDA HOUSE, | ) | |
| Grievance Coordinator; LOIS ALLAN, | ) | |
| Deputy Superintendent; JOSEPH | ) | |
| TREMPUS, Deputy Superintendent; | ) | |
| ROBERT HAWKINBERRY, Major; | ) | |
| DEBRA HAWKINBERRY, CCPM/PREA | ) | |
| Coordinator; CARL E. WALKER, Capt.; | ) | |
| JASON COOK, Counselor; SCOTT | ) | |
| RIDDLE, L-Block Unit Manager; D. | ) | |
| BURNSWORTH, C.O. I; B. RUDZIEHSK, | ) | |
| Hearing Examiner; LISA DUNCAN, | ) | |
| Psychologist, LPM; KRISTIN JEFFERY; D. | ) | |
| VARNER, Chief Grievance Officer; KERI | ) | |
| MOORE, Chief Grievance Officer Designee; | ) | |
| D. BURKHOLDER, Counselor; K. | ) | |
| MATIYASIC, Lt.; C. DISALVO, Lt.; J. | ) | |
| ASTON, Lt.; J. BIGAM, Srg.; DOBISH, | ) | |
| Srg.; HARRIS, C.O. I; WENTZEL, C.O. I; | ) | |
| ROGERS, C.O. I; PRITCHETT, C.O. I; | ) | |
| JAMES BRIGHT, Head of Medical, CHCA, | ) | |
| Defendants. | | |

**<u>MEMORANDUM ORDER</u>**

This matter comes before the Court after *pro se* Plaintiff Damion D. Whitaker declined to

file objections to the Report and Recommendation on Defendants' Motion for Partial Summary

Judgment ("R&R") (Docket No. 279) entered by Magistrate Judge Kezia O. L. Taylor on June 3,

2024.  The R&R recommends that the Court grant the "Corrections Defendants' Motion for

Summary Judgment" (Docket No. 249) – the motion for partial summary judgment filed by

Defendants in this matter (SCI-Fayette, Little, Armel, House, Allen, Trempus, Robert Hawkinberry, Debra Hawkinberry, Walker, Cook, Riddle, Burnsworth, Rudzienski, Duncan, Jeffries, Varner, Moore, Burkholder, Matiyasic, DiSalvo, Aston, Bigam, Dobish, Harris, Wentzel, Rogers, Pritchett, and Bright).  Service of the R&R was made on the parties via CM/ECF and U.S. Mail, and the R&R informed the parties that objections to same were due within fourteen (14) days from the date of service.  (Docket No. 279 at 32).  Thereafter, no party filed any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because the parties did not file any objections to the R&R – which explicitly stated that "[f]ailure to file timely objections will constitute a waiver of any appellate rights" – we review the magistrate judge's decision for plain error.  (Docket No. 279 at 32).  *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes, 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. United States Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Taylor's recommendation.  As such, the Court will adopt the R&R as the Opinion of the Court and will grant Defendants' motion for partial summary judgment.  In so ruling, to summarize, the Court agrees with Judge Taylor that Plaintiff's

claims against SCI-Fayette and the official capacity claims against the individual Defendants are barred by the Eleventh Amendment. (Docket No. 279 at 12). The Court also agrees that Plaintiff's claims for injunctive relief are moot because he is no longer incarcerated at SCI-Fayette. (*Id.* at 12-13). The Court further agrees that the Complaint and record offer no specific allegations or material fact questions of personal involvement by many of the Defendants, nor does it reflect any plausible basis for, or material fact question of, supervisory liability on the part of any Defendant. (*Id.* at 13-14). The Court also agrees with Judge Taylor that Plaintiff fails to establish a plausible Fourteenth Amendment due process violation based on handling of his requests or grievances, alleged violation of policies/procedures or issuance of a misconduct, or conditions of confinement. (*Id.* at 14-20). Additionally, the Court agrees that, while Plaintiff fails to evidence a plausible claim under the Eighth Amendment based on conditions of confinement or deliberate indifference to medical needs, Plaintiff has sufficiently evidenced a plausible claim of excessive force against Corrections Defendants Matiyasic, Rogers, and DiSalvo. (*Id.* at 20-27). The Court further agrees with Judge Taylor that Plaintiff cannot state a claim under the PREA, and that Plaintiff fails to evidence a claim for denial of access to the Courts. (*Id.* at 27-28). Finally, the Court agrees that Plaintiff fails to state a claim of retaliation under the First Amendment, a Fourth Amendment privacy claim, or a claim of conspiracy under Section 1983. (*Id.* at 28-32).

Therefore, the Court agrees with Judge Taylor's recommendation that Defendants' motion for partial summary judgment be granted and that all Defendants be dismissed from this action, with the exception of Defendants Matiyasic, Rogers, and DiSalvo in their individual capacities. (Docket No. 279 at 32). As to Defendants Matiyasic, Rogers, and DiSalvo, summary judgment is granted as to any express or implied claims made by Plaintiff, with the exception of the claim of

use of excessive force under the Eighth Amendment (which claim was expressly exempted from Defendants' pending motion).  (*Id.*).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 16th day of September, 2024,

IT IS HEREBY ORDERED that the Report and Recommendation on Defendants' Motion for Partial Summary Judgment (Docket No. 279) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Corrections Defendants' Motion for Summary Judgment (Docket No. 249) is GRANTED, and all Defendants are dismissed from this action, with the exception of Defendants Matiyasic, Rogers, and DiSalvo in their individual capacities.  As to Defendants Matiyasic, Rogers, and DiSalvo, summary judgment is granted as to any express or implied claims made by Plaintiff, with the exception of the claim of use of excessive force under the Eighth Amendment.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:      The Honorable Kezia O. L. Taylor
             All counsel of record
             Damion D. Whitaker (via U.S. Mail)